FT. STOCKTON IRRIGATED LANDS CO. v. GRAEF.

(Court of Civil Appeals of Texas. San Antonio. May 10, 1911. Rehearing Denied June 7, 1911.)

1. APPEAL AND ERROR (§ 1062*)—REVIEW—HARMLESS ERROR.

The lessee of farm lands brought an action for damages from the lessor's failure to furnish sufficient water for irrigation. The lessor as a counterclaim set up that the lessee had broken the contract by not cultivating all of the land demised, to the damage of the lessor. The parties differed as to the amount of the land demised. *Held*, that the failure of the trial court to submit that issue to the jury was harmless error, where the jury found that the defendant at the time supplied sufficient water to irrigate the land cultivated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

2. TRIAL (§ 145*)—PROVINCE OF JURY—ISSUES.

Issues raised by a defendant need not be submitted to the jury when disproved by his own witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 328, 341; Dec. Dig. § 145.*]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by Charles Graef against the Ft. Stockton Irrigated Lands Company, to which the defendant filed a plea of reconvention. From a judgment for plaintiff, defendant appeals. Affirmed.

O. W. Williams and W. C. Jackson, for appellant. Howell Johnson, J. F. McKenzie, and Harris, Linden, Storms & Young, for appellee.

JAMES, C. J. Appellee Graef's amended petition alleged, in substance, a contract by which appellant leased to him from February 1, 1910, to January 1, 1911, sections 6, 8, 9, and 15, of block 1, and tracts 35, 36, 37, 44, 45, 46, 51, 52, and 53, of section 9, block 1, obligating plaintiff to cultivate every acre of said lands in some merchantable crop during the year ending January 1, 1911, to cultivate all the acreage of said lands not then planted in alfalfa in cotton, milo maize, corn, and oats, etc., to deliver appellant one-fourth of the cotton raised on that part of the lands which was cultivated in 1909 and one-fifth of the cotton raised elsewhere on the land, and one-fifth of all other crops raised on the land, etc. Other obligations were entered into by appellee with regard to the manner of cultivating and to the manner of delivery to appellant of its portion of the crops. As rental of the alfalfa he was to pay $6 per ton, and Johnson grass $4 per ton. Appellant reserved two tracts of land for pasture purposes "lying near the old Rooney ranch house and to the right of the road from Ft. Stockton to ranch house." The petition pleaded that a part of the agreement and the consideration thereof was that defendant was to furnish him sufficient water to irrigate 500 acres of land, inclusive of the 200 acres then planted in alfalfa, which agreement was by mutual mistake not expressed in the contract; that the land delivered and pointed out and leased to him was 500 acres, which was a part of the Rooney farm being 200 acres in alfalfa and 300 acres not planted in alfalfa and lying on irrigation ditches Nos. 1 and 2, belonging to defendant, and that the amount of land described in the contract was a mistake, and should have been 500 acres, including the 200 acres of alfalfa, and that said amount of land was put

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

in by mutual mistake, and, if not so, then by the fraud of appellant, and without the knowledge of appellee, and that only said 500 acres were delivered to him as constituting the land leased. The petition alleged that appellant failed and refused to furnish him sufficient water to irrigate said alfalfa and other crops, and by reason of such failure he failed to raise 205 tons of alfalfa that he would otherwise have raised, and on said 205 tons he lost $11.50 per ton; that there were also 30 acres of alfalfa on which appellant failed and refused to furnish him any water, on account of which he was damaged to the amount of 120 tons at $11.50 per ton; that plaintiff would have raised other crops upon said land such as cotton, milo maize, and garden truck, which, after deducting the expense of growing, gathering, and marketing, and paying defendant the rental, would have amounted to the sum of $1,000. Defendant pleaded general denial, and by a plea in reconvention alleging that plaintiff had violated the contract and damaged appellee in the sum of $10,000 by failing to cultivate 2,000 acres of the lands leased to him; that the contract set out in the petition was the true and correct contract between the parties; that plaintiff did not care for and cultivate the alfalfa as he had agreed to do, but neglected same, on account of which the alfalfa died on about 30 acres, which otherwise would have produced 60 tons of hay, and thereby produced $360 in rents, and, on account of such failure, the said 30 acres were permanently damaged in the sum of $1,200, and appellant asked judgment against appellee for $11,500, and that the contract be annulled. There was a verdict for $1,150 in favor of appellee upon which verdict judgment was rendered for that sum, and that appellant take nothing by his cross-action.

The first assignment of error is that the court erred in failing to submit to the jury the question whether or not the written contract was the true and correct contract as regards the agreement of plaintiff to cultivate the lands as therein described.

The second assignment is that the court did not submit the question whether or not the written contract was in words and effect the contract as agreed upon between the parties, or whether there were left out of it material portions thereof, by fraud or mutual mistake, they believing at the time that it covered their entire agreement as it related to all matters connected with and mentioned by it except the one question of water which was to be furnished by defendant to plaintiff for irrigation purposes.

The third assignment is: "The verdict rendered in this case by the jury does not dispose of the issues in this case and is insufficient, and is an insufficient finding upon which to base a judgment in this case, in this: That the jury did not find in their verdict whether or not the plaintiff had breached his written contract sued on and introduced as evidence."

[1] The fourth assignment is: "The verdict of the jury and judgment of the court is contrary to law and unsupported by the evidence, in this: The contract shows that the plaintiff was to plant and cultivate during the season of 1910 more than 2,500 acres of land, as described in plaintiff's petition, and in the contract entered into by plaintiff and defendant, and introduced in evidence, and the undisputed evidence, is that as to more than 2,000 acres of said land plaintiff made no attempt whatever to cultivate said land, and thereby breached his contract."

It is true the court did not submit such issue in its entirety. The charge submitted whether or not defendant failed to furnish plaintiff sufficient water for the reasonably proper irrigating of the alfalfa, and the crop of Kaffir and Indian corn on the land delivered to plaintiff under and by virtue of the contract, with instruction that if defendant failed to furnish same, and the yield of plaintiff's crops was less than it would have been had defendant not so failed, to return a verdict for plaintiff for the amount of the loss to him of the difference in the crop actually raised and the crop that would have been raised, but for such failure "based on the measure of damages hereinafter given you," etc.

The trial court, it seems to us, must have assumed that the contract of lease as to the amount of land it affected did not embody the real agreement of the parties, and proceeded and submitted the case upon the theory that defendants' plea in reconvention in its full extent based on plaintiff's not cultivating all the land he undertook to cultivate was not substantiated. We find, however, that to a certain extent the court submitted the plea in reconvention or cross-action. The record does not disclose the court's reason for submitting it in this restricted manner. It may have been because the testimony introduced by defendant on the subject negatived the idea that it was the intention of the contracting parties to include all the land described in the contract as leased, and that the admitted exceptions and reservations that were made at the time, but not expressed in the contract, were so considerable as to conclusively show that by mutual mistake of the parties the contract did not express the real agreement as to the quantity of land leased, and that the reservations as testified to by defendant's manager left the matter so indefinite as to leave the quantity of land upon which the cross-action was based too uncertain to enable the jury to act intelligently thereon. But, whatever the court's reason was, we think the matter was rendered immaterial and the nonsubmission complained of a mere abstraction by what was submitted and by what the jury found.

It is evident that it was immaterial how

much land the plaintiff failed to cultivate, if he was not furnished with sufficient water for the part he did cultivate. In other words, if defendant failed in its agreement to supply water, it would not be in a position to assert its cross-action at all on the ground that plaintiff did not cultivate more. If it did not supply enough for 500 acres, it clearly failed to supply enough for any greater acreage. The issue whether or not defendant failed to supply sufficient water for the reasonable and proper irrigating of the crop of alfalfa and the other part of the land cultivated by plaintiff was submitted, and found against defendant. That finding made the failure of the court to submit the cross-action in its full extent as pleaded an immaterial matter, if it was error. If the matter had been submitted as appellant claims it should have been, the said finding that was made by the jury would have been decisive of it and the result would have been the same.

We think the said assignments should be overruled for the following reasons:

[2] (1) The testimony of defendant's own witnesses and managers established that the contract as written did not in fact embody the true agreement between the parties as to the quantity of land; hence it was not necessary to submit the issue of mutual mistake. The issue, in view of the court's charge and the verdict rendered, was immaterial, as shown by the following: (2) It may have been wrong, under the testimony concerning the quantity of land intended to be leased and cultivated, for the court to confine the submission to the land that was cultivated by plaintiff. If we say that the testimony sufficiently showed that plaintiff agreed to cultivate a larger quantity and failed to do so, what right would defendant have to claim damages for such failure, when it appears that, had plaintiff undertaken to cultivate the greater acreage, he could have done nothing with it on account of defendant's failure to perform its covenant to furnish water even for what was cultivated? It is clear that defendant's failure to supply enough water to take care of 500 acres is conclusive of its failure to supply water for say 2,000 acres, and in such circumstances defendant would have no right to recover for damages in reference to the 2,000 acres, if it had none in reference to the 500 acres. The jury's finding that defendant failed to supply sufficient water for the land plaintiff actually had in cultivation is conclusive against any right of defendant for damages by reason of his not cultivating a greater amount of land.

We overrule the fifth assignment of error, for the reason that the finding of the jury that defendant breached its contract to furnish water; and the finding on defendant's cross-action in so far as the court submitted the cross-action in effect disposed of the cross-action.

We overrule the sixth assignment, for the reason that there was evidence upon which the jury was authorized to base a finding that defendant failed or refused to furnish plaintiff with sufficient water to irrigate the lands he undertook to cultivate.

We overrule the assignment of error which complains of the charge on the measure of damages.

Affirmed.